*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TORIANO HUDSON,

        Plaintiff-Appellant,

v

DEPARTMENT OF CORRECTIONS,

        Defendant-Appellee.

FOR PUBLICATION
July 29, 2025
10:28 AM

No. 367902
Wayne Circuit Court
LC No. 22-007764-CD

Before: MALDONADO, P.J., and GADOLA, C.J., and SWARTZLE, CAMERON, REDFORD, FEENEY, AND YOUNG, JJ.

FEENEY, J. (*dissenting*).

        I respectfully dissent.

        Although I acknowledge that "[a] published opinion of the Court of Appeals has precedential effect under the rule of stare decisis," MCR 7.215(C)(2), I disagree that "our only task is to analyze whether the panel deciding *Landin*[1] was bound by this Court's decision in *Flamont*."[2] *Hudson v Dep't of Corrections*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 367902); slip op at 6 (*Hudson II*). A "special panel must limit its review to resolving the conflict that would have been created but for the provisions of [MCR 2.15(J)(1), which explains the precedential effect of binding decisions,] and applying its decision to the case at bar." MCR 7.215(J)(5). Therefore, our job is not simply to determine which case—*Flamont* or *Landin*—was first decided by this Court, and therefore binding on the other case. Instead, I propose that our task is to analyze which case—*Flamont* or *Landin*—was correctly decided in light of the Michigan

---

[1] *Landin v Dep't of Health & Human Servs*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 367356).

[2] *Flamont v Dep't of Corrections*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 367863).

Supreme Court's ruling in *Christie*.[3]  To that question, I submit that *Flamont's* retroactivity analysis is incorrect, and *Landin's* retroactivity analysis is sound.

Concerning the question of whether the rule in *Christie* created a new rule of law, *Flamont* stated that it was

> evident from the Supreme Court's reasoning in *Christie* that the Court's decision was based on construing the plain and unambiguous language of MCL 600.6431 to reach a determination that was further supported by the operation of the [Court of Claims Act] as a limited waiver of the state's sovereign immunity.  [*Flamont v Dep't of Corrections*, ___ Mich App ___, ___; ___NW3d ___ (2024) (Docket No. 367863); slip op at 5-6.]

But given the fact that we are analyzing numerous opinions that have considered the language of MCL 600.6431(1) and reached different conclusions regarding the need to file the written notice of claim with the Court of Claims clerk's office if the action is filed in circuit court, the "plain and unambiguous language" of the statute appears to be called into question.

Additionally, in *Flamont*, ___ Mich App at ___; slip op at 6, this Court stated as follows:

> Our Supreme Court has explained that it does not announce a new rule of law when it overrules a decision of the Court of Appeals that misinterpreted a statute contrary to the statute's plain language, legislative intent, and existing precedent because in that situation, the Supreme Court has "reaffirmed the existing law that was misinterpreted by the Court of Appeals." *Mich Ed Employees Mut Ins Co*[ *v Morris*], 460 Mich [180, 196-197; 596 NW2d 142 (1999)].

But I propose that *Mich Ed Employees* does not support the conclusion that *Christie* merely corrected a misinterpretation of MCL 600.6431 in *Tyrrell*.[4]

In *Mich Ed Employees*, 460 Mich at 184-185, 191-192, our Supreme Court made it clear that the trial court and the Court of Appeals erred when they relied on the decision in *Profit I*,[5] and ruled that social security should not be withheld from personal protection insurance work-loss benefits due and owing to the defendant's sister who was disabled in an auto accident.  Notably, two years after *Profit I* was decided, it was overruled by *Profit II*, which held that social security disability benefits shall be subtracted from work loss benefits otherwise payable for an automobile injury.  *Profit v Citizens Ins Co of America*, 444 Mich 281, 288; 506 NW2d 514 (1993) (*Profit II*).  Our Supreme Court in *Mich Ed Employees*, 460 Mich at 184-185, 196-197, ruled that *Profit I*

---

[3] *Christie v Wayne State Univ*, 511 Mich 39; 993 NW2d 203 (2023).

[4] *Tyrrell v Univ of Mich*, 335 Mich App 254; 966 NW2d 219 (2020).

[5] *Profit v Citizens Ins Co of America*, 187 Mich App 55; 466 NW2d 354 (1991) (*Profit I*).

ignored: (1) the clear language of MCL 500.3109(1);[6] as well as (2) two previously published Michigan Supreme Court opinions, which held that social security benefits had to be subtracted from PIP work loss benefits. See *Thompson v Detroit Auto Inter-Ins Exch*, 418 Mich 610; 344 NW2d 764 (1984) (holding that social security disability benefits paid to dependents of an injured wage earner are required to be subtracted); *O'Donnell v State Farm Mut Auto Ins Co*, 404 Mich 524; 273 NW2d 829 (1979) (holding that social security survivors' benefits are required to be subtracted). Accordingly, the Court concluded that because *Profit II* did not constitute a new rule of law, but merely "reaffirmed the existing law that was misinterpreted by the Court of Appeals" in *Profit I*, *Profit II* was to be given full retroactive effect. *Mich Ed Employees*, 460 Mich at 197.

Therefore, *Mich Ed Employees* does not clearly stand for the proposition that *Flamont* suggests. In *Mich Ed Employees*, 460 Mich at 197, the Supreme Court ruled that *Profit II* did not constitute a new rule of law because it: (1) relied on the clear language of MCL 500.3109(1) *and two previously published Michigan Supreme Court opinions*, and (2) merely "reaffirmed the existing law that was misinterpreted by the Court of Appeals." Conversely, in this case, there were *no published opinions* by the Court of Appeals or the Michigan Supreme Court that interpreted MCL 600.6431 before *Tyrrell*. Accordingly, I believe that *Flamont* was incorrect and went too far by determining that *Christie* did not constitute a new law merely on the basis of the "plain and unambiguous language" of the statute. See *Flamont*, ___ Mich App at ___; slip op at 5-6.

Furthermore, I believe that *Landin's* assessment of *Tyrrell* and *Christie's* impact makes more sense than *Flamont's* assessment. In *Landin v Dep't of Health & Human Servs*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 367356); slip op at 5-6, this Court concluded as follows:

> [T]he holding in *Christie* that a party suing the state must comply with MCL 600.6431(1) even if the action is pursued in circuit court constituted a new rule or principle of law as to those cases filed when the holding in *Tyrrell* constituted binding precedent. It is clear that *Christie* overruled precedent established in *Tyrrell*, and although our Supreme Court in *Christie*, 511 Mich at 57, expressed that it was giving effect to the intent of the Legislature as inferred from the text of MCL 600.6431(1), the correction of the erroneous interpretation by the panel in *Tyrrell* effectively announced a new rule of law as to those cases to which *Tyrrell* applied. See *League of Women Voters* [*of Mich v Secretary of State*], 508 Mich [520, 566; 975 NW2d 840 (2022)]; *Pohutski* [*v Allen Park*], 465 Mich [675, 696-697; 641 NW2d 219 (2002)]. The precedent set by *Tyrrell* was clear and unambiguous, i.e., there is no need to comply with MCL 600.6431(1) in a circuit court action against the state, and the ruling in *Christie* was just as clear and unambiguous, i.e., compliance with MCL 600.6431(1) is required regardless of the judicial forum. The distinction between these two holdings was not vague, hazy,

---

[6] MCL 500.3109(1) provides as follows: "Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protection insurance benefits otherwise payable for the injury under this chapter."

or indefinite; rather, *Christie* reflected a 180-degree change in the law, in relation to the governing law defined in *Tyrrell*.[6]

---

[6] Since *Christie* clarified the intent of the Legislature that passed MCL 600.6431 many years ago, it can be said to have determined that it was "always" the law that notice has to be provided in circuit court cases. However, we do not require nor permit parties to disregard binding authority even if it is incorrect–until and unless that authority is overruled. What constitutes the rule of law applicable to a party is, by definition, what the most recent binding precedent says it is. Simply put, parties must rely on the law as the binding precedent has defined it. What makes a rule "new" for purposes of retroactivity analysis does not concern the soundness of the rule enunciated in a decision on which the party relied; rather the test is whether the rule, even if misguided, was set forth in binding precedent. While legal theorists may debate whether an overruled decision was ever "the law" in some ultimate or platonic sense, the reality of litigation is that the applicable rule of law is defined by the binding precedent in effect at the relevant time.

Accordingly, this Court determined that upon weighing the three pertinent factors discussed in *League of Women Voters*, 508 Mich at 565-566, the factors "weigh[ed] against applying *Christie* retroactively to cases in which plaintiffs reasonably relied on *Tyrrell* in making the decision not to provide the notice in MCL 600.6431(1)."[7] I concur that the plaintiffs who relied on *Tyrell*—such as the plaintiffs in *Landin*, *Hudson I*, and *Walton*[8]—should not be barred from relief simply because they relied on *the only published caselaw* on this issue at that time.

---

[7] Notably, as the majority stated, the decision in *Landin* was not unanimous. In his dissenting opinion, Judge Yates stated as follows:

> Balanced against that need for caution [when construing the waiver of sovereign immunity], however, is the ineluctable conclusion that many plaintiffs relied on *Tyrrell* as binding authority that excused them from filing a notice prescribed by MCL 600.6431(1) when asserting claims in circuit court. The plaintiff in *Flamont* did not fall into that category. Here, in contrast, plaintiff very well may have relied on *Tyrrell*, which was issued before plaintiff filed the suit that is now before us. For that reason, my colleagues correctly identify this case as an instance where reliance interests counsel against applying MCL 600.6431(1) to bar plaintiff's claim based on retroactive application of *Christie*. I share their concerns, but I believe the appropriate avenue for addressing those concerns flowing from the retroactive application of *Christie* is review by our Supreme Court." [*Landin*, ___ Mich App at ___ (YATES, J., concurring in part and dissenting in part); slip op at 2-3.]

[8] *Walton v Mich Dep't of Corrections*, unpublished per curiam opinion of the Court of Appeals, issued December 3, 2024 (Docket No. 367975).

Therefore, I would hold that *Flamont's* retroactivity analysis is incorrect, and *Landin's* retroactivity analysis is sound.

/s/ Kathleen A. Feeney